**WEBB, Plaintiff-Appellant v. BROOKS, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19660.  Decided May 22, 1944.

Harrison & Marshman, Cleveland, for plaintiff-appellant.
Andrews, Hadden & Putnam, Cleveland, for defendant-appellee.

## OPINION

By MORGAN, PJ.
The plaintiff is a duly licensed real estate broker and agent

and brought this action to recover a real estate commission for finding a purchaser for defendant's property located at 18927 Shelbourne Road, Shaker Heights, Ohio.

The case was tried to the court, a jury having been waived, and at the conclusion of the plaintiff's evidence defendant made a motion for judgment, which motion was granted by the court.

The record discloses that on August 13, 1941, the plaintiff wrote a letter to Chester K. Brooks defendant's husband and her agent, in which plaintiff stated that:

"I heard that your home on Shelbourne Road is for sale. I would be very glad to have a listing of it."

To this letter Chester K. Brooks replied, on August 19, 1941:

"You are correct that Mrs. Brooks' house at 18927 Shelbourne Road is for sale, and is presently being handled by Taylor, Smythe, Hackett & Criswell on a non-exclusive basis. If you care to participate I shall be very glad indeed to have your interest in the matter."

The letter gave certain information about the house and stated that "we are asking $49,500.00 net to us for the property."

The plaintiff turned the sale of this property over to a salesman in his office, Mr. Arthur G. Merriman who on September 8, 1941, showed the defendant's house to Mrs. Wayne Hancock and on September 14, 1941, he showed the premises to both Mr. and Mrs. Hancock and quoted them a price of $51,500.00  Hancock indicated that the price was much too high but that he would be interested if he could buy the property for about $25,000.00.

Mr. Merriman also showed the Hancocks other houses in Shaker Heights that had been listed with plaintiff for sale. It was conceded that this was the first time that the attention of the Hancocks had been called to defendant's house.

On October 27, 1941, the plaintiff sent a letter to defendant's husband and agent, Chester K. Brooks in which he stated:

"Please be advised that your property listed with us, located at 18927 Shelbourne Road, has been quoted to and shown

to Mr. and Mrs. Wayne Hancock at this listed price on 9-8-41."

The letter further stated:

"In the event of sale to our parties the undersigned shall be credited with having produced the purchaser."

It is conceded that defendant's house was sold to Wayne Hancock on May 11, 1942, for $30,000.00.

If plaintiff's agency which was created in August, 1941, had continued to the date of the sale to Hancock, clearly the evidence offered would present a jury question whether the plaintiff would be entitled to a commission as the procuring cause of the sale.

The record, however, further discloses that on November 18, 1941, Hackett & Criswell Inc., who were one of the real estate agents with whom the defendant had listed her property, wrote a letter to Mr. and Mrs. Brooks in which it was stated:

"We would be very much interested in having a six-months exclusive listing of your property at a price of $40,-000.00 with an over-writing commission arrangement so that in the event a cooperating broker should sell the property you would pay commission and a half, but if we were to sell it you would have to pay only one commission."

Hackett & Criswell Inc., in this letter agreed to spend "at least $100.00 in advertising if necessary, during the period of the exclusive" and also "we will list the property with other brokers who are members of the Real Estate Board and are active in the sale of residential property and agree to pay them the full Real Estate Board rate of commission in the event that they are able to consummate the sale of the house."

On the same day, November 18, 1941, the defendant Elizabeth B. Brooks and Chester K. Brooks, addressed a letter to Hackett & Criswell Inc., in which it was stated:

"In consideration of the services to be performed by Hackett & Criswell Inc. the undersigned hereby gives them the exclusive right to sell the above described property (The Shelbourne Road house) from this date to June 1, 1942 * * * *. In the event a sale is effected during the term of this exclusive

listing, at the price and terms stated above, or such other price and terms which the undersigned may accept, the undersigned agree to pay to HACKET & CRISWELL INC., the Cleveland Real Estate Board rate of commission on the full purchase. price, if their firm sells the property without the assistance of any cooperating company; however should a cooperating company secure the purchaser, the undersigned agree to pay one and one-half Real Estate Board rate of commission on the full purchase price. In this case, one full commission will go to the cooperating broker and a half to Hackett & Criswell Inc. Within three days after date hereof, the undersigned agrees to notify all other real estate brokers with whom this property has been previously listed that the exclusive listing of this property has been given to Hackett & Criswell Inc."

On November 21, 1941, Mr. Brooks wrote a letter to the plaintiff in which he stated:

"This letter advises you that Mrs. Brooks and I have today entered into an over-writing commission arrangement with Hackett & Criswell Inc., re 18927 Shelbourne Road * * *. I am assured by Criswell that the arrangement still leaves you eligible to a full commission if you make a sale and we shall hope to retain your interest."

The letter then stated that Mr. Brooks had shown the property to one Mrs. Samuel Lewis Smith "and therefore regard her as our own prospect * * * otherwise the field is entirely open."

The above letter of November 21, 1941, from Mr. Brooks to Mr. Webb did not use the word "exclusive" but the evidence is uncontradicted that the plaintiff then understood that the defendant had given Hackett & Criswell Inc., the exclusive right to sell the house.

On November 25, 1941, Hackett of Hackett & Criswell Inc., sent a letter to the plaintiff in which it was stated:

"We would like to enlist your cooperation in selling the Chester K. Brooks property at 18927 Shelbourne Road, Shaker Heights. You are probably familiar with the property but we will give you the details as follows:"

Then follow the details as to the property. The letter concludes:

"Price $42,000.00.
Commission: In the event you sell the property to a cus-

tomer who has not already been contacted by us, you will receive the full Cleveland Real Estate Board rate of commission."

Mr. Merriman, plaintiff's agent, testified that he understood that Hackett & Criswell Inc., after November 18, 1941, had an exclusive agency to sell the property so that "an authorization would come through the office of Hackett & Criswell Inc. If I had a definite offer it would have been taken up through the office of Hackett & Criswell Inc." Merriman testified further that from and after the time that notice was received by plaintiff that Hackett & Criswell Inc., had an "exclusive" he understood that plaintiff's employment "was not through the Brooks any more."

Mr. Webb, the plaintiff, testified as follows as to Hackett & Criswell's exclusive agency:

"Q: Mr. Hackett at that time was the exclusive agent for the Brooks?

A: That's right.

Q: Do you remember when he became the exclusive agent for the Brooks?

A: About the 25th of November, 1941."

Plaintiff also testified that under the rules of the State Board of Real Estate Examiners, negotiations concerning property which was listed with one broker exclusively should be carried on with the listing broker and not the owner.

The plaintiff had an office in the same building and across the hall from the office of Hackett & Criswell Inc., but did not notify the latter that the plaintiff's agent had shown the Brooks house to the Hancocks. Merriman testified that after Sept. 14, 1941, he did not see either Mr. or Mrs. Hancock but had some telephone talks with them about the Brooks property and other Heights residence property which the plaintiff had for sale. In March, 1942, Merriman terminated his relations with the plaintiff and went to work in a war plant. No one in plaintiff's office communicated with the Hancocks after Merriman quit. No offer for the house was obtained by plaintiff or his agent from the Hancocks.

The giving of an exclusive agency to Hackett & Criswell Inc., to sell the Brooks house with notification to the plaintiff, constituted a revocation of the authority given plaintiff by Brooks in August, 1941.

In 2 American Jurisprudence 40, it is stated:

"In accordance with the principle that an agency may be revoked by implication, the appointment of another agent upon whom is conferred co-extensive authority which is incompatible with that previously conferred upon the first agent, is operative as a revocation of the authority of the first agent."

After the granting of the exclusive agency to Hackett & Criswell Inc., the authority of the plaintiff and of the other real estate agents with whom the Brooks house had been listed, to offer the house for sale, was based on the letter by Hackett & Criswell Inc., dated November 25, 1941, which was sent to a number of real estate agents, including the plaintiff. The first sentence of this letter is as follows:

"We would like to enlist your cooperation in selling the Chester K. Brooks' property at 18927 Shelbourne Road, Shaker Heights, Ohio."

Likewise, the claim of the plaintiff for commission on any sale made after November 25, 1941, would be based on the following statement in the Hackett & Criswell Inc. letter of November 25, 1941.

"Commission: In the event you sell the property to a customer who has not already been contacted by us, you will receive the full Cleveland Real Estate Board rate of commission."

The plaintiff, however, in his petition in this case based his right to recover on the agency created in 1941. The petition fails to take any account of the fact that this agency had been terminated by the granting in November 1941 of an exclusive agency to Hackett & Criswell Inc. This is shown by the following two paragraphs from plaintiff's petition:

"Plaintiff further says that in or about the month of August, 1941, the defendant engaged him as an agent and broker to sell the premises owned by the defendant and located at 18927 Shelbourne Road, Shaker Heights, Ohio, the defendant agreeing to pay plaintiff the customary commission for his services.

"Plaintiff further says that he did find and procure a purchaser for said premises, to-wit, one Wayne Hancock, and that the sale and purchase of said premises was consummated between defendant and said Wayne Hancock in the first part of the month of June, 1942."

Plaintiff's counsel suggested in argument that the plain-

tiff might state a cause of action against the defendant on a promise made by the defendant for the benefit of the plaintiff as a third party. In the exclusive agency contract of November 18, 1941, signed by Elizabeth B. Brooks and Chester K. Brooks, and accepted by Hackett & Criswell Inc., it is stated by Elizabeth Brooks and Chester Brooks that:

"should a cooperating company secure the purchaser the undersigned agree to pay one and one-half real estate board rate of commission on the full purchase price. In this case one full commission will go to the cooperating broker and a half to Hackett & Criswell Inc."

The plaintiff at the trial of this case did not ask leave to amend but elected to stand on his petition. The fact that plaintiff might have a cause of action against Hackett & Criswell Inc., based on their letter of November 25, 1941, to the plaintiff, or might have stated a cause of action against the defendant as a third party beneficiary, based on the terms of the exclusive agency contract given Hackett & Criswell Inc., on November 8, 1941, would not have justified the trial court in any case in rendering a judgment for the plaintiff on an agency contract that all parties agree had been terminated long before the plaintiff had acquired any claim against anyone for a commission on the sale of the defendant's property.

The judgment of the common pleas court is therefore affirmed. Exceptions.

SKEEL, J., and LIEGHLEY, J. concur for the reasons set forth in this opinion and also on the ground that the evidence shows an abandonment of the agency by plaintiff. The person in plaintiff's employ who had the entire handling of this listing left plaintiff's service for employment in a war industry and after he so terminated his employment nothing further was done by plaintiff in the interest of the sale of the Brooks property.